IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAN W. DOEFF, M.D.      :     **CIVIL ACTION**
         :
    v.         :     **NO. 07-2110**
         :
**TRANSATLANTIC REINSURANCE**    :
**COMPANY, Subsidiary of**        :
**Transatlantic Holdings, Inc.**      :

**F I L E D**

DEC 1 4 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION

Savage, J.                         **December 13, 2007**

In this action against a reinsurer for breach of contract and bad faith arising out of the insurer's refusal to defend and indemnify, the issue is whether the insured is bound by the arbitration provision contained in the agreement between his insurer and the reinsurer. Resolving the question implicates the insured's third-party beneficiary status and the Pennsylvania Commonwealth Court's findings in a decision that third-party beneficiaries of the same reinsurance contract can bring direct actions against the reinsurer, the defendant in this case.

Considering the findings of the Commonwealth Court in *Koken v. Legion Ins. Co.*, 831 A.2d 1196 (Pa. Cmwlth. 2003), *aff'd, Koken v. Villanova Ins. Co.*, 878 A.2d 51 (Pa. 2005), and the atypical circumstances surrounding this particular insurance arrangement together with the applicable insurance agreements, I conclude that the plaintiff is bound by the arbitration provision. Therefore, the motion to compel arbitration will be granted.

### Factual Background

Jan W. Doeff, a licensed psychiatrist, had purchased malpractice insurance coverage through his membership in the Psychiatrists' Purchasing Group, Inc. ("PPG"). The insurance had been placed with Transatlantic Reinsurance Company ("TRC"), a

reinsurer, through PPG's agent.  To comply with insurance regulations, Legion Insurance Company ("Legion") was used as a fronting insurance carrier.

In 1998, Doeff was sued in state court for professional liability claims made within the policy period.  During that litigation, Legion withdrew its defense of Doeff.  A judgment was later entered against Doeff on a jury verdict.

Subsequent to the state court trial, Legion was declared insolvent. *Legion*, 831 A.2d at 1246-47.  At the same time that it ordered Legion's liquidation, the Pennsylvania Commonwealth Court ruled that Legion's insureds were third-party beneficiaries of the reinsurance agreement[1] and could bring direct actions against TRC.

Doeff then brought this action in state court against TRC.  He avers causes of action against TRC as Legion's reinsurer for Legion's breach of contract, breach of covenant of good faith and fair dealing, and insurance bad faith, and an insurance bad faith cause of action based upon TRC's own conduct.

After removing the case to this court, TRC moved to compel arbitration.  It argues that Doeff, as a third-party beneficiary, is bound by the arbitration provision in its reinsurance agreement with Legion, and that he is equitably estopped from disavowing the arbitration provision while simultaneously seeking to invoke the benefits of the agreement.

Opposing arbitration, Doeff contends that, as a non-signatory to the reinsurance contract, he cannot be bound by its arbitration requirement because TRC and Legion never intended that he submit to arbitration.  Alternatively, he argues that his claims are outside the scope of the arbitration provision.

---

[1] There are two reinsurance agreements.  Because they are identical, they are referred to in the singular.

### Arbitration Agreements

An agreement to arbitrate is enforceable under the Federal Arbitration Act. *Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 478 (1989). There must be a valid agreement to arbitrate and the dispute must fall within the scope of the agreement before arbitration can be ordered. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).

In determining whether there is a valid agreement to arbitrate here, the inquiry focuses upon Doeff's status vis-a-vis the reinsurance agreement between Legion and TRC. There is no dispute that there was an arbitration provision in the agreement between Legion and TRC. The disagreement is whether a non-signatory third-party beneficiary of the contract between TRC and Legion is bound by the contract's arbitration provision.[2]

Where a party's claims arise out of the underlying contract to which he was an intended third-party beneficiary, he is bound by the contract's terms, including an arbitration provision. *E.I.Dupont De Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir. 2001). Thus, if Doeff is a third-party beneficiary to the reinsurance agreement, he is bound by that agreement's arbitration provision.

Doeff's status has already been determined by the Commonwealth Court in its *Legion* decision, which held that Legion's policyholders were third-party beneficiaries of the reinsurance agreement with TRC. Departing from the general rule, the Commonwealth

---

[2] In answering this question, traditional principles of contract and agency law apply. *E.I.Dupont De Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 194-95 (3d Cir. 2001); *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999). Thus, third party beneficiary, agency and equitable estoppel principles come into play. *Id.* at 195.

Court allowed Legion's insureds to bring direct actions against TRC. It reasoned that Legion policyholders, unlike the policyholders in the typical reinsurance arrangement, had knowledge of the existence of reinsurance proceeds and were in privity with the reinsurer, giving them the right to recover directly under the reinsurance agreements. *Legion*, 831 A.2d at 1234 (citing *Housing Auth. of Lebanon County v. Envirohousing, Inc.*, 442 F. Supp. 1193, 1196 (M.D. Pa. 1977)).

The Commonwealth Court's decision turned on PPG's direct involvement and Legion's lack of involvement with TRC in procuring the reinsurance agreement, taking the case outside the general rule prohibiting direct causes of action by insureds against reinsurers. *Id.* at 1236. Legion was a fronting company, used only to issue policies that TRC had already committed to reinsure. Legion bore no risk. Legion's insureds were policyholders in name only. Thus, the result in *Legion* was driven by the relationships of the reinsurer, the insurer, the agent, and the group to which the policy was issued.

Despite relying on the *Legion* holding to assert his status as a third-party beneficiary entitled to bring a direct action against TRC, Doeff attempts to avoid the arbitration provision by suggesting that Legion and TRC could not have intended him to be bound by that provision. This argument ignores the roles played by Legion, TRC, and PPG, through its agent, in reaching the final arrangement. TRC and PPG's agent directly negotiated the terms of the reinsurance agreement. PPG procured the reinsurance agreement for the benefit of the group members, including Doeff, and not for Legion's benefit. Legion had no involvement with the placement of the reinsurance agreement. Only after it was selected by PPG and TRC was Legion brought into the arrangement. Having negotiated directly with TRC, PPG was aware of the arbitration provision.

4

The Commonwealth Court's pertinent findings concerning the reality of the insurance and reinsurance arrangement, and the relationships among PPG, Legion, and TRC were:

- "Legion Group's insureds were policyholders in name only; in effect they were self insureds that used Legion . . . as the means of obtaining stop-loss coverage from a reinsurer." *Id.* at 1203.

- Legion "did not place the reinsurance or negotiate its terms;" *Id.*

- Legion had no role in bringing TRC into the program. *Id.* at 1213. "[T]he reinsurer was chosen by the policyholder." *Id.* at 1241. Legion "was the last party to the transaction; its identity was not even known until after the reinsurance was placed and all material terms decided by [PPG] and [TRC]." *Id.* "[T]he reinsurance was placed by the policyholder, not Legion . . ., for the policyholder's benefit." *Id.* at 1247.

- "The beneficiaries of the TRC reinsurance are the psychiatrists insured under the Program." *Id.* at 1213; *see also id.* at 1214 ("the intended beneficiaries of the Program reinsurance are the individual Program participants.").

- "[T]he Policyholder Intervenors demonstrate[d] third-party beneficiary rights to reinsurance that they purchased for their benefit and not for the benefit of Legion." *Id.* at 1239.

- "Direct access to reinsurance in the case of [PPG members] will give effect to the reasonable expectations of policyholders." *Id.* at 1246. Each PPG member "has a contractual right, as a third-party beneficiary, to payment by the reinsurer on its losses." *Id.*

Pursuant to 28 U.S.C. § 1738, a federal court must give the Commonwealth Court's factual findings the same preclusive effect given by the Pennsylvania courts. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Rider v. Commonwealth. of Pennsylvania*, 850 F.2d 982, 988 (3d Cir. 1988). The Pennsylvania Supreme Court has adopted the Restatement (Second) of Judgments for issue preclusion,

the requirements of which are met here.[3]  *Clark v. Troutman*, 502 A.2d 137, 139 (Pa. 1985).

Although the Commonwealth Court did not address whether arbitration was mandated, it did conclude that Doeff, as a policyholder of Legion, was a third-party beneficiary of the reinsurance agreement.  It is that finding that is deemed conclusive for the purposes of this action because his status entitles him to bring a direct cause of action against TRC.  At the same time, Doeff cannot challenge the facts that formed the basis for that decision. The preclusion doctrine applies whether the later action between the parties is on the same or a different claim.  Restatement (Second) of Judgments § 27 (1992). Thus, those facts are relevant in determining that Doeff is bound by the arbitration provision.

Doeff asserts that Pennsylvania law imposes the additional requirement that the signatories must specifically state their intention that a non-signatory third-party beneficiary be bound by the arbitration provision in the agreement.  He cites two Pennsylvania cases to support his argument, *Dodds v. Pulte Home Corp.*, 909 A.2d 348, 351 (Pa. Super. 2006) and *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1271 (Pa. Super. 2004).  Although these cases hold that an arbitration provision will not bind a non-signatory absent the signing parties' intent, they do not stand for the proposition that the parties to a contract must state explicitly that an arbitration provision applies to third-party beneficiaries.  In fact, there is no such requirement.  Thus, as a third-party beneficiary who has brought claims directly

---

[3] For this doctrine to apply, four prerequisites must be met:  (1) the issue decided in the prior adjudication must be identical to the one presented; (2) there must have been a final judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior adjudication. *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999).

against TRC pursuant to the reinsurance agreement, Doeff is bound by the terms of that agreement, including the arbitration provision, and he cannot avoid arbitration so long as his claims fall within the scope of the arbitration requirement.

## Scope of the Arbitration Agreement

Doeff contends that the present dispute does not arise from the reinsurance agreement, but from Legion's conduct and the Legion policy. At the same time, Doeff asserts rights under the TRC policy.

The Commonwealth Court regarded Legion's lack of involvement in the transaction as a basis for allowing PPG's members to bring claims directly against TRC pursuant to the reinsurance agreement that had been negotiated and placed directly by PPG. Legion was a mere tool of TRC and PPG. Doeff may bring an action only because PPG's members are third-party beneficiaries to the reinsurance agreement and may recover directly against TRC. Absent the reinsurance agreement, Doeff would have no cause of action against TRC. Thus, the reinsurance agreement controls any duty TRC owes Doeff, and any cause of action brought by him against TRC necessarily arose from the reinsurance agreement, which provides that "[a]s a condition precedent to any right of action hereunder, any dispute arising out of this Agreement shall be submitted to the decision of a board of arbitration. . . ." *See* Compl. at Exh. B, Art. 19.

## Equitable Estoppel

A non-signatory to a contract cannot invoke the benefits of a contract and, at the same time, disavow portions that impose an obligation. *E.I. Dupont*, 269 F.3d at 200 (citing *Am. Bureau of Shipping v. Tencara Shipyards S.P.A.*, 170 F.3d 349, 353 (2d Cir. 1999)). The doctrine of equitable estoppel prevents a third-party beneficiary from asserting that the

contract's arbitration clause does not bind him because he did not sign the contract while simultaneously seeking to enforce those provisions that benefit him. *Id.* (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000)).

Doeff asserts rights under the reinsurance agreement. Yet, he seeks to avoid the arbitration requirement in that same agreement. He cannot do so. Doeff embraces the *Legion* Court's findings when they benefit him, but not when they militate against him. He cannot have it both ways. If he wishes to proceed under the agreement, as the Commonwealth Court held he can, he is bound by the arbitration provision.

### Conclusion

Doeff must submit his claims to arbitration as a third-party beneficiary seeking to recover under the reinsurance agreement requiring arbitration. Because he is eligible to recover directly from TRC pursuant to the reinsurance agreement, he is also bound by the obligations imposed by that agreement. Therefore, TRC's motion to compel arbitration will be granted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAN W. DOEFF, M.D.                          :       CIVIL ACTION
                                            :
            v.                              :       NO. 07-2110
                                            :
TRANSATLANTIC REINSURANCE                   :
COMPANY, Subsidiary of                      :
Transatlantic Holdings, Inc.                :

**FILED**

DEC 1 4 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 13th day of December, 2007, upon consideration of Defendant's

Motion to Stay Litigation in Favor of Arbitration (Document No. 8), the plaintiff's

response, and the defendant's reply, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.    This matter is **STAYED** pending arbitration of the claims raised in the

plaintiff's complaint;

2.    This court shall retain jurisdiction; and

3.    The Clerk of Court shall mark this action **CLOSED**.

TIMOTHY J. SAVAGE, J.